**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Alejandro Quiñones MEDINA AKA Alejandro Quiñonez AKA Andres Reyes Quiñonez, Defendant—Appellant.**

No. 99–10332.

D.C. No. CR–99–00033–VRW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 9, 2002.

Decided Aug. 6, 2002.

Before SCHROEDER, Chief Judge, FISHER and PAEZ, Circuit Judges.

MEMORANDUM *

Alejandro Quiñones Medina appeals from the mandatory minimum sentence imposed following his guilty plea to one count of conspiracy to distribute and to possess with intent to distribute heroin, one count of distribution and possession with intent to distribute cocaine, and two counts of distribution and possession with intent to distribute heroin. 21 U.S.C. §§ 846, 841(a)(1).

The district court correctly rejected Medina's claim of sentencing entrapment, a defense intended to ensure that defendants are not prosecuted for a drug offense of greater magnitude than the defendant was predisposed to commit. *See*

United States v. Staufer, 38 F.3d 1103, 1107 (9th Cir.1994). The defendant bears the burden of showing sentencing entrapment by a preponderance of the evidence. *United States v. Naranjo,* 52 F.3d 245, 250 & n. 13 (9th Cir.1995). Here there was no evidence of entrapment beyond the defendant's conclusory declaration. The specific transcripts produced involving two of the three drug deals indicate defendant's predisposition to commit the crimes and fail to reflect any unwillingness whatsoever. *Cf. id.* at 251 (noting agents had to persuade defendant to go through with drug transaction).

The defendant also claims that the district court's imposition of the mandatory minimum sentence of imprisonment and supervised release based on the quantity of the drugs involved in the offense violated the principles of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). We have recently held that the mandatory minimum provision under which he was sentenced does not implicate *Apprendi. See United States v. Hitchcock,* 286 F.3d 1064, 1073 (9th Cir.2002). *See also Harris v. United States,* — U.S. —, 122 S.Ct. 2406, 2420, 153 L.Ed.2d 524 (2002). Defendant's supervised release claim is foreclosed by *United States v. Barragan,* 263 F.3d 919, 925–26 (9th Cir.2001).

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.